UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| STERLING SUFFOLK RACECOURSE, LLC, <br><br> Plaintiff, <br><br> v. <br><br> WYNN RESORTS, LTD, et al. <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) <br> Civil No: 18-CV-11963-PBS |

**UNOPPOSED JOINT MOTION OF DEFENDANTS TO CONTINUE RULE 16 CONFERENCE PENDING DECISION ON DEFENDANTS' MOTIONS TO DISMISS**

The defendants, Wynn Resorts, Ltd, Wynn MA, LLC, Stephen Wynn, Kimmarie Sinatra, Matthew Maddox, and FBT Everett Realty, LLC ("Defendants"), hereby jointly request that the Court continue the Rule 16 conference currently scheduled for February 26, 2019 to a date following the Court's disposition of Defendants' anticipated motions to dismiss Plaintiff's forthcoming Amended Complaint. As grounds therefor, Defendants state as follows:

1. Plaintiff Sterling Suffolk Racecourse, LLC ("Sterling") filed this action on September 17, 2019, alleging that Defendants engaged in a RICO conspiracy to deceive the Massachusetts Gaming Commission into awarding a coveted casino license to Wynn Resorts over a competing bid from Sterling's prospective tenant, Mohegan Sun. The complaint also asserts pendent state law claims for violation of G.L. c. 93A and tortious interference with contractual relations.

2. Defendants have filed four separate motions to dismiss the complaint for failure to state a claim. Together, Defendants' motions challenge the legal adequacy of virtually every element of Sterling's RICO claims, which, in addition to being time-barred, are squarely foreclosed by Supreme Court and First Circuit precedent. Most of the defendants have also

separately moved to dismiss under the Massachusetts Anti-SLAPP statute, G.L. c. 213, § 59H, on the grounds that the complaint arises from their protected petitioning activity before the Gaming Commission. Sterling's state law claims are equally deficient and lack any independent basis for federal jurisdiction. Most of the defects set forth in Defendants' motions – like Plaintiff's failure to plead a single viable RICO predicate act or an actionable "pattern" under 18 U.S.C. § 1961 – are incurable.

3. By consent of the parties, the Court previously established a deadline of February 12, 2019 for Plaintiff to file a consolidated opposition to Defendants' motions to dismiss. *See* ECF No. 45.

4. On January 28, 2019, Plaintiff notified Defendants that it intends to amend its complaint in response to Defendants' motions to dismiss, which Plaintiff asserts that it may do as a matter of right under Fed. R. Civ. P. 15 so long as it does so on or before the February 12, 2019 deadline previously established by the Court for Plaintiff to respond to Defendants' motions to dismiss. Defendants take no position on whether Plaintiff may still amend as of right, but without prejudice to their respective rights to move to dismiss the Amended Complaint, do not intend to oppose the amendment and have conferred with Plaintiff and agreed on a proposed schedule to brief motions to dismiss the Amended Complaint. *See* ECF No. 65.

5. In advance of the Rule 16 conference currently scheduled for February 26, 2019, counsel for all parties participated in a conference call on January 31, 2019, pursuant to Local Rule 16.1(B). Defendants expressed their view that meaningful formulation of a discovery schedule is premature because all Defendants have filed motions to dismiss asserting incurable defects in Sterling's complaint – and intend to renew those motions upon Plaintiff's filing of its Amended Complaint – and thus a very real possibility exists that the case will not survive

Defendants' motions or that the scope of its claims and number of defendants will be significantly pared back. Defendants proposed that the parties jointly move to continue the Rule 16 conference until the Court rules on Defendants' motions to dismiss the forthcoming Amended Complaint.[1] Plaintiff would not agree to join in that motion, but its counsel has advised that Plaintiff does not intend to file papers opposing the motion. Plaintiff's position, as conveyed to the Defendants so that we may advise the Court of it, is that Plaintiff will defer to the Court's views on appropriate case management and is happy to either go forward on February 26, if the Court thinks that appropriate, or go forward on such alternative date as the Court may select.

6. Were this case to proceed to discovery, it promises to be an enormously complex, time-consuming and expensive process, requiring coordination from seven parties (most of whom are separately represented), and numerous non-parties implicated by the allegations of the complaint. For this reason, not only is it premature to commence discovery (including initial disclosures) but it is premature even to set a schedule without knowing which claims and parties, if any, will remain in the case.

7. This Court has "broad discretion in determining the timing of pretrial discovery[.]" *Dynamic Image Tech., Inc. v. United States*, 221 F.3d 34, 38 (1st Cir. 2000). While Defendants acknowledge that the filing of a motion to dismiss does not automatically stay discovery in every case, there is good cause here to temporarily suspend the Rule 16 conference and the setting of a discovery schedule pending conclusion of motion to dismiss practice. Good cause exists where, as here, "the disposition of a motion to dismiss might preclude the need for discovery altogether thus saving time and expense." *United States ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d 766, 768 (W.D. Tex. 2008); *see also Hachette Distribution,*

---

[1] In in the interest of minimizing delay to the overall schedule, Defendants previously proposed that the parties make a request of the Court to convert the February 26, 2019 date to a hearing on Defendants' motions to dismiss, but that will no longer be possible given Plaintiff's decision to amend its complaint.

*Inc. v. Hudson County News Co., Inc.*, 136 F.R.D. 356, 358 (E.D.N.Y. 1991) (stay of discovery appropriate where "there are no factual issues in need of further immediate exploration, and the issues before the Court are purely questions of law that are potentially dispositive").

8.  Complaints alleging federal RICO claims present particularly strong grounds for delaying discovery until after motions to dismiss are decided, due both to the complexity of discovery required to test the RICO claims and the stigmatizing effect RICO claims have on those named as defendants. *See, e.g.*, *Guajardo v. Martinez*, No. 2:14-CV-450, 2015 WL 12831683, at *2 (S.D. Tex. Dec. 22, 2015) (staying discovery pending resolution of motion to dismiss in light of "cost and inconvenience of discovery" pertaining to civil RICO claims); *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 435–36 (5th Cir. 1990), opinion modified on denial of reh'g (Apr. 27, 1990) (finding trial court did not abuse discretion in staying discovery of civil RICO claims pending resolution of summary judgment motion that could be decided as a matter of law); *United States Fire Ins. Co. v. United Limousine Serv., Inc.*, 303 F. Supp. 2d 432, 443 (S.D.N.Y. 2004) ("[b]ecause the mere assertion of a RICO claim . . . has an almost inevitable stigmatizing effect on those named as defendants . . . courts should strive to flush out frivolous RICO allegations at an early state of the litigation.") (citations and quotation marks omitted). *See also Republic of Turkey v. OKS Partners*, 797 F. Supp. 64, 66 (D. Mass. 1992) (noting court allowed defendants' motion to stay discovery pending disposition of defendants' four motions to dismiss complaint alleging RICO claims).

9.  Where RICO serves as the jurisdictional hook to the complaint's state law claims, the interest in postponing the discovery process until the court determines the viability of the RICO claims is even stronger. *See R.E. Davis Chem. Corp. v. Nalco Chem. Co.*, 757 F. Supp. 1499, 1504 n.1 (N.D. Ill. 1990) (staying discovery until defendants file answer on merits of

amended complaint, where RICO claims were "the only tie to federal jurisdiction over this case"); *see also Weisman v. Mediq, Inc.*, No. CIV. A. 95-1831, 1995 WL 273678, at *2 (E.D. Pa. May 3, 1995) (granting motion to stay discovery until court decided comprehensive motion to dismiss federal RICO claims and state law claims).  As Defendants have already identified numerous legal defects in Plaintiff's RICO claims, each of which is fatal to the entire complaint, there are eminently strong grounds to postpone the discovery process until the Court can decide whether Plaintiff's forthcoming Amended Complaint overcomes these hurdles to state any actionable claim.[2]

WHEREFORE, the Defendants request that the Court continue the Rule 16 conference to a date following the Court's decision on Defendants' motions to dismiss the forthcoming Amended Complaint.

---

[2] In further support of temporarily suspending the Rule 16 conference, several of the defendants have also filed special motions to dismiss under the Massachusetts Anti-SLAPP statute, which provides for an automatic stay of discovery pending disposition of such a motion.  See G.L. c. 213, § 59H.

Respectfully submitted,

| Wynn Resorts, Ltd. | FBT Everett Realty, LLC |
|---|---|
| Wynn MA, LLC | |
| Matthew Maddox | |
| | |
| By their attorneys, | By its attorneys, |
| | |
| /s/ Peter A. Biagetti | /s/ Christopher Weld, Jr. |
| Mark Holscher | Christopher Weld, Jr. (BBO# 522230) |
| Kirkland & Ellis LLP | Christian G. Kiely (BBO# 684308) |
| 333 South Hope Street | Todd & Weld |
| Los Angeles, CA 90071 | One Federal Street, 27th Floor |
| mark.holscher@kirkland.com | Boston, MA 02110 |
| | cweld@toddweld.com |
| Peter A. Biagetti | ckiely@toddweld.com |
| Samuel M. Starr | |
| David J. Kete | Joshua S. Levy (BBO# 563017) |
| Mintz, Levin, Cohn, Ferris, Glovsky & Popeo | Aaron M. Katz (BBO# 662457) |
| | Ropes & Gray LLP |
| One Financial Center | 800 Boylston Street |
| Boston, MA 02111 | Boston, MA 02199 |
| pbiagetti@mintz.com | joshua.levy@ropesgray.com |
| tstarr@mintz.com | aaron.katz@ropesgray.com |
| djkete@mintz.com | |

| | |
|---|---|
| Stephen Wynn, | Kimmarie Sinatra, |
| By his attorneys, | By her attorneys, |
| /s/ Joshua C.H. Sharp | /s/ James N. Kramer |
| Brian T. Kelly | James N. Kramer |
| Joshua C.H. Sharp | Michael Todd Scott |
| Nixon Peabody LLP | Orrick, Herrington & Sutcliffe LLP |
| 100 Summer Street | 405 Howard Street |
| Boston, MA 02110 | San Francisco, CA 94105 |
| bkelly@nixonpeabody.com | jkramer@orrick.com |
| jsharp@nixonpeabody.com | tscott@orrick.com |
| | |
| | Douglas H. Meal |
| | Orrick, Herrington & Sutcliffe LLP |
| | 500 Boylston Street, Suite 1850 |
| | Boston, MA 02116 |
| | dmeal@orrick.com |
| | |
| | Christine Hanley |
| | Orrick, Herrington & Sutcliffe LLP |
| | 701 5th Avenue, Suite 5600 |
| | Seattle, WA 98104-7097 |
| | chanley@orrick.com |

DATED: February 1, 2019

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

     Pursuant to Local Rule 7.1(a)(2), I hereby certify that counsel for all parties conferred in a good faith attempt to resolve or narrow the issues raised by this motion. Plaintiff declined to join in this motion or assent to the relief requested therein, but stated that it would not oppose the motion provided that Defendants communicated Plaintiff's position to the Court in this filing.

                              /s/ Christopher Weld, Jr.
                                Christopher Weld Jr.

## **CERTIFICATE OF SERVICE**

  I, Christian G. Kiely, hereby certify that, on February 1, 2019, true and accurate copies of the foregoing were served on counsel for all parties through ECF.

                <u>/s/ Christian G. Kiely</u>
                Christian G. Kiely