UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STERLING SUFFOLK RACECOURSE, LLC, <br><br> Plaintiff, <br><br> v. <br><br> WYNN RESORTS, LTD; WYNN MA, LLC; STEPHEN WYNN; KIMMARIE SINATRA; MATTHEW MADDOX; and FBT EVERETT REALTY, LLC; <br><br> Defendants. | CIVIL ACTION <br> Case No. 1:18-cv-11963-PBS <br><br> **ORAL ARGUMENT REQUESTED** |

**WYNN RESORTS, LTD AND WYNN MA, LLC's
MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

Pursuant to Fed. R. Civ. P. 12(b)(6), defendants Wynn Resorts, LTD and Wynn MA, LLC move to dismiss the First Amended Complaint's three proffered RICO claims because: (1) the four-year statute of limitations has passed; (2) defendants' alleged racketeering activity consisted of a "single-purpose scheme" to obtain the gaming license, not a continuous pattern of activity; (3) the claims do not allege an "association in fact" distinct from the defendant persons; (4) plaintiff Sterling Suffolk Racecourse, LLC ("SSR") has suffered no injury proximately caused by any conduct in violation of RICO; (5) SSR's conspiracy claim cannot survive on the specific facts alleged; and (6) SSR's allegations arise out of an application to the Gaming Commission which is protected petitioning activity under the *Noerr-Pennington* doctrine.

Defendants further move to dismiss SSR's three pendent claims—all arising under Massachusetts law—because, once this Court dismisses the RICO claims, there is no reason to retain jurisdiction over these state-law claims. Where a plaintiff's "allegations fail to state a plausible entitlement to relief under any . . . federal statute[] . . . the Court should refrain from

exercising supplemental jurisdiction over the pendent state law claims . . .." *Brown v. Ferrara*, 2011 US Dist. Lexis 46337, *16 (D. Me. April 28, 2011); *Rodriguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1177 (1st Cir. 1995).  Particularly because this case has just begun, there are no compelling considerations of judicial economy weighing in favor of keeping these claims in federal court.  Rather, "a surefooted reading of applicable state law can be obtained" in Massachusetts state court, and as to all of SSR's state-law claims, "state issues predominate in terms of proof…." *Marquez Velez v. David M. Puerto Rico Graphic Supplies, Inc.*, 622 F.Supp. 568, 572 (D.P.R. Oct. 4, 1985).

In support of this Motion to Dismiss, defendants submit, subject to this Court's action on their accompanying Assented-to Motion for Leave to Exceed the Page Limit, the accompanying Memorandum of Law and exhibits.  Defendants also incorporate by reference the arguments set forth in the co-defendants' memoranda in support of their respective motions to dismiss, particularly regarding SSR's failure to allege any predicate acts of racketeering, any viable "enterprise," any violation of the Massachusetts consumer protection statute, any elements of tortious interference with a business relationship, or any elements of tortious interference with a contract.

### REQUEST FOR ORAL ARGUMENT

Defendants respectfully request oral argument to assist this Court in deciding this Motion to Dismiss.

Respectfully Submitted,

**WYNN RESORTS, LTD, and WYNN MA, LLC**

By their counsel,

/s/ *Peter A. Biagetti*
Peter A. Biagetti, BBO # 042310
Samuel M. Starr, BBO #477353
Mintz, Levin, Cohn, Ferris,
   Glovsky and Popeo, P.C.
One Financial Center
Boston, MA 02111
Phone: 617.542.6000
Fax: 617.542.2241
PABiagetti@mintz.com
TStarr@mintz.com

and

Mark Holscher (admitted *pro hac vice*)
Kirkland & Ellis LLP
333 South Hope Street
Los Angeles, California 90071
Phone: 213-680-8190
Fax: 213-808-8097
Mark.holscher@kirkland.com

March 8, 2018

## LOCAL RULE 7.1(A)(2) CERTIFICATION

I certify that counsel for Defendants has conferred with counsel for Plaintiff in a good faith attempt to resolve or narrow the issues raised by this motion.

> */s/ Peter A. Biagetti*
> Peter A. Biagetti

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on March 8, 2018.

                                              */s/ Peter A. Biagetti*
                                              Peter A. Biagetti

85484300v.1