UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STERLING SUFFOLK RACECOURSE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>WYNN RESORTS, LTD; WYNN MA, LLC; STEPHEN WYNN; KIMMARIE SINATRA; MATTHEW MADDOX; and FBT EVERETT REALTY, LLC;<br><br>Defendants. | CIVIL ACTION<br>Case No. 1:18-cv-11963-PBS |

**MEMORANDUM OF LAW IN SUPPORT OF WYNN RESORTS, LTD, WYNN MA, LLC, AND MATTHEW MADDOX'S
<u>SPECIAL MOTION TO DISMISS THE FIRST AMENDED COMPLAINT</u>**

Pursuant to the Massachusetts anti-SLAPP statute, G.L. c. 231 § 59H, Wynn Resorts, Limited, Wynn MA, LLC, and Matthew Maddox (collectively, "Defendants") have filed a special motion to dismiss the three state-law claims proffered by plaintiff Sterling Suffolk Racecourse, LLC ("SSR"). All three claims—for alleged violation of the Massachusetts Consumer Protection Statute, tortious interference with advantageous business relations, and tortious interference with contractual relations—arise out of Defendants' protected petitioning of the Massachusetts Gaming Commission (the "MGC"). Because dismissal is warranted, Defendants should be awarded the costs and reasonable attorneys' fees mandated by G.L. c. 231 § 59H. *McLarnon v. Jokisch*, 431 Mass. 343, 349-350 (2000) ("A judge must award costs and fees in cases in which the judge grants the special motion to dismiss under G.L. c. 231 § 59H.").

## SUMMARY OF THE ALLEGATIONS

Defendants incorporate and respectfully refer this Court to the Summary set forth in their Memoranda of Law in Support of their Motions to Dismiss filed herewith.

## ARGUMENT

The Massachusetts anti-SLAPP statute, G.L. c. 231 § 59H, states, "In any case in which a party asserts that the civil claims . . . against [it] are based on said party's exercise of its right to petition . . . [the] party may bring a special motion to dismiss." The Massachusetts Supreme Judicial court has interpreted this "anti-SLAPP" statute[1] as creating a burden-shifting framework. *Duracraft Corp. v. Holmes Prods. Corp.*, 427 Mass. 156, 167-168 (1998). First, the defendant must show that the plaintiff's lawsuit is based on the defendant's petitioning activity. *Blanchard v. Steward Carney Hospital*, 477 Mass. 141, 147 (2017). Then, the burden shifts to the plaintiff to prove by a preponderance of the evidence that either (i) the defendant's petitioning activity had no basis in law or fact, or (ii) the lawsuit was not brought primarily to chill the defendant's exercise of his petitioning rights. *Id.* at 159. If the answer to both questions is no, the court shall dismiss the case. *Id.* at 159.[2]

Here, all of SSR's state-law claims arise from Defendants' alleged representations or certifications to the MGC during the license application process—indisputably petitioning activity. As SSR concedes, "the defendants' acts as described [in the First Amended Complaint] constituted unfair methods of competition . . . *all aimed at unfairly obtaining the Region A*

---

[1] The official name of the Massachusetts statute is the "Special Motion to Dismiss Claim Based on Exercise of Constitutional Right of Petition," but it and similar state statutes are often called anti-Strategic Litigation Against Public Participation, or "anti-SLAPP" statutes.

[2] The First Circuit has applied anti-SLAPP statutes to other state law claims when sitting in diversity jurisdiction because anti-SLAPP statutes create substantive, rather than procedural rights. *See Steinmetz v. Coyle & Caron, Inc.*, 2016 US Dist. Lexis 99631, *7 and *11 (aff'd by 862 F.3d 128, 136 (1st Cir. 2017). Even federal courts sitting in federal question jurisdiction apply the anti-SLAPP statute to pendent state law claims. *Hilton v. Hallmark Cards*, 580 F.3d 874, 882 (9th Cir. 2009).

2

*casino license* for the Wynn/FBT group . . ." First Amended Complaint ("FAC") at ¶ 172 (emphasis added); *see also id.* at ¶s 180 (describing conduct "done in order to obtain the Gaming License in Region A of Massachusetts"), 188 (same). This is classic petitioning activity. *Steinmetz v. Coyle & Caron, Inc.*, 862 F.3d 128, 136 (1st Cir. 2017) ("an exercise of the right to petition . . . is any written or oral statement made before or submitted to a legislative, executive, or judicial body, or any other governmental proceeding."); *N. Am. Expositions Co. Ltd. P'ship v. Corcoran*, 452 Mass. 852, 860-861 (2009) (statements made to the South Boston Community Development Foundation were petitioning activity under the Massachusetts anti-SLAPP statute).

The burden thus shifts to SSR to show that Defendants' petitioning activity has no basis in law or fact, or that SSR's lawsuit was not brought primarily to chill Defendants' exercise of their petitioning rights. SSR cannot meet either burden.

(1) Defendants' petitioning activity was not a "sham."

In order to meet this prong, SSR must "demonstrate through pleadings and affidavits that there is *no credible factual or legal basis* for [Defendants'] petitioning activities." *Blanchard*, 447 Mass. at 156 n.20 (emphasis added). This showing is a "high bar" that "is often difficult to make." *Id.* at 156 & n.20. SSR cannot come close here. Wynn MA, LLC's application, in which each Defendant allegedly was involved, was fashioned in response to specified regulatory requirements and premised on extensive documentation.[3] SSR challenges only a fraction of these materials here, effectively conceding that the remainder is legitimate. Indeed, SSR concedes that the application was exhaustively vetted by the MGC for nearly two years and ultimately approved. FAC ¶s 95, 100, 110, 111, 120, 124, 128-131, 139. Wynn MA's

---

[3]     *See generally* Massachusetts Gaming Commission RFA-2 Application for a Category 1 Gaming License for Wynn MA, LLC; Massachusetts Gaming Commission Determination of Issuance of a License to Operate a Category 1 Gaming Establishment in Region A. Both of these documents are publicly available online at https://massgaming.com. If it would aid the Court, Defendants can provide both documents in their entirety.

application was extensively supported, closely scrutinized, and successful. SSR cannot now claim it was "devoid of factual or legal support." *Blanchard*, 447 Mass. at 156 n.20.

    (2) <u>SSR's claims were brought to chill Defendants' petitioning activity.</u>

SSR's lawsuit is a paradigmatic strategic lawsuit against Defendants' right of petition. First, the timing alone of SSR's lawsuit betrays its primary intent to chill: having forgone any opportunity to seek timely state-court review in 2014, SSR then waited over four years—in the midst of the MGC's current suitability inquiry[4/]—to allege deficient claims based primarily on facts known and publicized since at least 2013.[5/]

Second, SSR's claims are meritless. As Defendants explain in their Motions to Dismiss, the FAC is defective in numerous substantive respects, including because: (1) the four-year statute of limitations has passed; (2) Defendants' alleged racketeering activity consisted of a "single-purpose scheme" to obtain the gaming license, not a continuous pattern of activity; (3) the claims do not allege an "association in fact" distinct from the defendant "persons;" (4) SSR has suffered no injury proximately caused by any conduct in violation of RICO; (5) SSR's conspiracy claim cannot survive on the specific facts alleged; and (6) SSR's allegations arise out of an application to the MGC which is protected petitioning activity under the *Noerr-Pennington* doctrine. Because SSR's claims will not succeed on the merits, they should be stricken. *See Blanchard*, 477 Mass. at 39.

Third, SSR cannot establish that its primary goal is "to seek damages for the personal harm to [it] from [the] defendants' alleged… [legally transgressive] acts." *Blanchard* at 160

---

[4/]     *See* "Statement from Karen Wells, Director of the Investigations and Enforcement Bureau at the Massachusetts Gaming Commission" made on January 31, 2018, attached hereto as Exhibit 1. Ms. Wells announced the reopening of Wynn MA, LLC's suitability determination at that time. While the MGC has not announced when the suitability inquiry will be complete, there is reason to believe it will be soon.

[5/]     *See* Memorandum of Law In Support of Wynn Resorts, Ltd and Wynn MA, LLC's Motion to Dismiss the First Amended Complaint at p.8, fn.9.

(*quoting Sandholm v. Kuecker,* 356 Ill. Dec. 733 (2012)).  SSR cannot even *allege* "personal harm" from Defendants' conduct.  As demonstrated in the Memorandum of Law In Support of Wynn Resorts, Ltd and Wynn MA, LLC's Motion to Dismiss the First Amended Complaint at pp. 18-20, SSR was not a license applicant, so its alleged "personal harm," if any, was sustained only as the prospective landlord of an applicant whose interests were affected by the MGC's informed exercise of its discretion.  SSR similarly cannot claim any "personal harm" as the proximate result of Defendants' alleged violations of Chapter 93A or tortious interference.

## CONCLUSION

For the foregoing reasons, Defendants respectfully move this Court to dismiss SSR's Complaint with prejudice and award Defendants the costs and reasonable attorney's fees mandated by M.G.L. c. 231 § 59H.

Respectfully submitted,

**WYNN RESORTS, LTD, WYNN MA, LLC, and MATTHEW MADDOX**

By their counsel,

/s/ *Peter A. Biagetti*
Peter A. Biagetti, BBO # 042310
Samuel M. Starr, BBO #477353
Mintz, Levin, Cohn, Ferris,
    Glovsky and Popeo, P.C.
One Financial Center
Boston, MA 02111
Phone: 617.542.6000
Fax: 617.542.2241
PABiagetii@mintz.com
TStarr@mintz.com

and

Mark Holscher (admitted *pro hac vice*)  
Kirkland & Ellis LLP  
333 South Hope Street  
Los Angeles, California 90071  
Phone: 213-680-8190  
Fax: 213-808-8097  
Mark.holscher@kirkland.com

March 8, 2018

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on March 8, 2018.

/s/ *Peter A. Biagetti*  
Peter A. Biagetti

85485412v.1