UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STERLING SUFFOLK RACECOURSE, LLC, <br><br> Plaintiff, <br><br> v. <br><br> WYNN RESORTS, LTD, et al., <br><br> Defendants. | Civil Action No. 1:18-cv-11963-PBS <br><br> (Leave to file granted on 4/19/19) |

**REPLY IN SUPPORT OF KIMMARIE SINATRA'S MOTION TO DISMISS THE AMENDED COMPLAINT**

**TABLE OF CONTENTS**

**Page**

I.  INTRODUCTION ........................................................................................................... 1
II. ARGUMENT ................................................................................................................... 1
    A. The FAC Fails to Plead an Association-in-Fact Enterprise. ................................ 1
    B. Wynn MA is Not Distinct from its Corporate Parent, Wynn Resorts, Limited. .................................................................................................................. 2
    C. Plaintiff Fails to Plead Specific Facts Sufficient to State a RICO Claim Against Ms. Sinatra. ............................................................................................... 3
III. CONCLUSION ................................................................................................................ 5

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009) ................................................................................................................4

*Boyle v. United States*,
 556 U.S. 938 (2009) ............................................................................................................1, 2

*Browning v. Flexsteel Indus., Inc.*,
 955 F. Supp. 2d 900 (N.D. Ind. 2013) ....................................................................................1

*Cedric Kushner Promotions, Ltd. v. King*,
 533 U.S. 158 (2001) ................................................................................................................3

*CIT Grp./ Equip. Fin., Inc. v. Krones, Inc.*,
 No. CIV.A. 9-432, 2009 WL 3579037 (W.D. Pa. Sept. 16, 2009) .........................................1

*In re ClassicStar Mare Lease Litig.*,
 727 F.3d 473 (6th Cir. 2013) ..................................................................................................3

*Ezell v. Lexington Ins. Co.*,
 286 F. Supp. 3d 292 (D. Mass. 2017) .....................................................................................2

*Gov't Emps. Ins. Co. v. Analgesic Healthcare, Inc.*,
 No. CV 16-11970-RGS, 2017 WL 1164496 (D. Mass. Mar. 28, 2017) ..................................2

*McDonough v. First Am. Title Ins. Co.*,
 No. 10-CV-106-SM, 2011 WL 285685 (D.N.H. Jan. 28, 2011) .............................................2

*Sheet Metal Workers Local No. 20 Welfare & Benefit Fund v. CVS Pharmacy, Inc.*,
 305 F. Supp. 3d 337 (D.R.I. 2018) ..........................................................................................2

*U1it4less, Inc. v. Fedex Corp.*,
 871 F.3d 199 (2d Cir. 2017), *cert. denied*, 138 S. Ct. 1559 (2018) ........................................3

*United States v. Ramirez-Rivera*,
 800 F.3d 1 (1st Cir. 2015) .......................................................................................................2

**Statutes**

18 U.S.C. § 1962(c) .......................................................................................................................3

**Other Authorities**

Fed. R. Civ. P. 8 ............................................................................................................................4

Fed. R. Civ. P. 9 ............................................................................................................................4

Fed. R. Civ. P. 9(b) .................................................................................................................1, 3, 4

Fed. R. Civ. P. 12(b)(6) .................................................................................................................4

**I.      INTRODUCTION**

Ms. Sinatra respectfully requests that the First Amended Complaint (the "FAC") be dismissed.  As discussed in Ms. Sinatra's opening brief, the FAC fails to plead particularized facts sufficient to establish the existence of a RICO enterprise or to specify the who, what, where, and when of Ms. Sinatra's alleged wrongdoing.

**II.     ARGUMENT**

**A.      The FAC Fails to Plead an Association-in-Fact Enterprise.**

As discussed in Ms. Sinatra's and Wynn Resorts' opening briefs, the FAC fails to plead an association-in-fact enterprise because it does not allege coordinated activity among the members of the alleged enterprise, Wynn Resorts and FBT.  SSR argues that the Supreme Court's decision in *Boyle v. United States*, 556 U.S. 938, 946 (2009) eliminated the need for plaintiffs to plead any structural features of a purported association-in-fact enterprise beyond the "minimal requirement" that it have "a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose." Opp'n at 30.  Plaintiff misinterprets *Boyle* and subsequent case law interpreting it.

While *Boyle* held that RICO enterprises are not limited to formal, "businesslike entities" with "a name, regular meetings, dues . . . or initiation ceremonies," it reiterated – not eliminated, as SSR implies – the rule that for an enterprise to exist, its members must operate as a "continuing unit" in pursuit of a "common purpose."  556 U.S. at 945, 948 (citing *United States v. Turkette*, 452 U.S. 576, 583 (1981)).[1]  Indeed, the Court in *Boyle* stressed that for an enterprise

---

[1] *Boyle* addressed the adequacy of jury instructions, not the facts that a plaintiff must plead to survive a motion to dismiss under Rule 9(b).  *See CIT Grp./ Equip. Fin., Inc. v. Krones*, *Inc.*, No. CIV.A. 9-432, 2009 WL 3579037, at *8 n.10 (W.D. Pa. Sept. 16, 2009) (holding reliance on *Boyle* to establish pleading requirements "misplaced" because "[t]he *Boyle* court addressed the inadequacy of a jury instruction, not a pleading"); *Browning v. Flexsteel Indus., Inc.*, 955 F. Supp. 2d 900, 909–10 (N.D. Ind. 2013) (*Boyle* "provides no detailed parameters" regarding what

to exist there must be "interpersonal relationships and a common interest" binding the members together, and held that individuals acting "independently and without coordination" <u>do not constitute an enterprise</u>. *Boyle*, 556 U.S. at 946, 947, n.4.[2]

In *Boyle*, the defendants conducted dozens of bank robberies over the course of a decade, met together before each robbery to plan the crime, and later split the proceeds of the robberies among themselves. *Id.* at 941. Here, by contrast, the FAC does not allege any facts that establish Wynn Resorts and FBT were interrelated, much less that they operated as a "continuing unit." Further, the sheer repetition of illegal conduct in *Boyle*, the proof of which supported the jury's finding of an enterprise (*id.* at 947), is entirely absent from the facts pleaded in the FAC.

### B. Wynn MA is Not Distinct from its Corporate Parent, Wynn Resorts, Limited.

SSR's enterprise theory also fails because the FAC pleads facts establishing that Wynn MA, the alleged RICO enterprise in its Second Claim for Relief, is not distinct from defendant

---

is necessary to prove an enterprise). Courts have significant discretion in crafting jury instructions, "so long as the substance of the relevant point is adequately expressed." *Boyle*, 556 U.S. at 946. In *Boyle*, the Court held that the district court adequately conveyed the substance of an "enterprise" by instructing the jury that the government must prove "an ongoing organization with some sort of framework, formal or informal, for carrying out its objectives[,]" and that members must "operate[] in a coordinated manner" as "a continuing unit to achieve a common purpose." *Id.* at 942 n.1.

[2] Courts in the First Circuit applying *Boyle* agree. *See, e.g.*, *United States v. Ramirez-Rivera*, 800 F.3d 1, 19 (1st Cir. 2015) (holding an enterprise must exist in a "coherent and cohesive form" with an "ongoing organization operating as a continuous unit") (internal quotations and citation omitted); *Sheet Metal Workers Local No. 20 Welfare & Benefit Fund v. CVS Pharmacy, Inc.*, 305 F. Supp. 3d 337, 348 (D.R.I. 2018) ("separate, distinct and unassociated" actors "whose actions are uncoordinated [do] not possess the requisite structure to constitute a RICO enterprise"); *Ezell v. Lexington Ins. Co.*, 286 F. Supp. 3d 292, 299 (D. Mass. 2017) (dismissing complaint that did "not adequately allege cooperation, collaboration or interdependence sufficient to state a civil RICO claim"); *McDonough v. First Am. Title Ins. Co.*, No. 10-CV-106-SM, 2011 WL 285685, at *5 (D.N.H. Jan. 28, 2011) (*Boyle* "stressed the importance of interrelationships between or among the association's parts"); *Gov't Emps. Ins. Co. v. Analgesic Healthcare, Inc.*, No. CV 16-11970-RGS, 2017 WL 1164496, at *3 (D. Mass. Mar. 28, 2017) ("what is necessary is evidence of systematic linkage, such as overlapping leadership, structural or financial ties, or continuing coordination").

Wynn Resorts, Limited. *See* Motion at 8. In response, SSR claims that Wynn MA is "at least as distinct from Wynn Resorts as Don King Productions was [found to be] from Don King" in *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158 (2001). *See* Opp'n at 33-36.

SSR's reliance on *Cedric Kushner* is unavailing, as that decision merely held that a "corporate owner/employee, *a natural person*, is distinct from the corporation itself." 533 U.S. at 163 (emphasis added).[3] Accordingly, decisions issued after *Cedric Kushner* have routinely recognized that while "individual defendants are always distinct from corporate enterprises . . . . corporate defendants are distinct from RICO enterprises when they are functionally separate." *In re ClassicStar Mare Lease Litig.*, 727 F.3d 473, 492 (6th Cir. 2013); *see also U1it4less, Inc. v. Fedex Corp.*, 871 F.3d 199, 207 (2d Cir. 2017), *cert. denied*, 138 S. Ct. 1559 (2018) (affirming dismissal of Section 1962(c) RICO claim where the alleged enterprise was not sufficiently distinct from its corporate parents). Because Plaintiff's Second Claim for Relief violates the distinctiveness rule, it must be dismissed.

### C. Plaintiff Fails to Plead Specific Facts Sufficient to State a RICO Claim Against Ms. Sinatra.

As discussed in Ms. Sinatra's opening brief, the FAC fails to plead facts against Ms. Sinatra sufficient to specify the who, what, where, and when of her alleged wrongdoing, as required by Fed. R. Civ. P. 9(b). Instead, the FAC bases Ms. Sinatra's RICO liability on the unsupported allegation that she knew certain owners of the Everett Site had criminal pasts and

---

[3] The Supreme Court clearly indicated throughout its decision that its holding was limited to natural persons. *See Cedric Kushner*, 533 U.S. at 163 (explaining that the purpose of incorporation is to create a legal entity distinct from "the natural individuals who created it, who own it, or whom it employs"); *id.* at 164 (noting that Second Circuit cases involving corporate entities "involved significantly different allegations compared with the instant case"); *id.* at 166 (noting that the Court's holding "says only that the corporation and its employees are not legally identical"); *id.* (holding "simply" that RICO "applies when a corporate employee unlawfully conducts the affairs of the corporation of which he is the sole owner").

failed to disclose such knowledge in Wynn MA's application to the MGC. Plaintiff argues that because Rule 9(b) allows knowledge to be alleged generally, there is no need to plead the specific foundational facts that form the basis of Ms. Sinatra's alleged knowledge. Opp'n at 57. This argument plainly misinterprets the requirements of Rule 9(b).

While Rule 9(b) allows a plaintiff to allege "[m]alice, intent, knowledge, and other conditions of a person's mind" generally, it does not excuse a plaintiff from pleading enough specific facts from which knowledge might reasonably be inferred. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 686-87 (2009) (noting that "Rule 9 merely excuses a party from pleading [states of mind] under an elevated pleading standard"—it does not give a plaintiff "license to evade the less rigid—though still operative—strictures of Rule 8."). And to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Here, the bare assertions that Ms. Sinatra *must have known* "at least one individual with a criminal history was a partial owner of FBT" (FAC ¶ 81) because she was told "an individual with a checkered past" was an owner (*id.*), and because "all Defendants" knew that Jamie Russo had a "criminal record" (*id.* ¶¶ 114-15) do not establish that Ms. Sinatra knew an owner of the Everett Site was a felon. Plaintiff well knows that it must allege specific facts as to Ms. Sinatra's knowledge. That the best it can do is argue, "she must have known," speaks volumes about the propriety of Ms. Sinatra being named as an individual defendant.

The FAC additionally fails to state a claim against Ms. Sinatra for a RICO violation because, as argued in Ms. Sinatra's opening brief, it fails to show that Ms. Sinatra participated in an enterprise's affairs through a pattern of racketeering activity. In response, Plaintiff argues that

Ms. Sinatra "affirmatively" lied to the MGC "on multiple occasions" about Wynn Resorts' "long-running pattern of Nevada suitability violations."  Opp'n at 58.  To adequately assert these allegations, Plaintiff must plead specific facts to suggest Ms. Sinatra knew about a "long-running pattern of Nevada suitability violations," which the FAC plainly fails to do.  What long running pattern?  When was Ms. Sinatra aware of it?  Neither of these foundational questions are answered.

Plaintiff's argument that Ms. Sinatra "does not even attempt to claim that numerous predicate acts specifically alleged against her are inadequate," Opp'n at 57, fares no better.  Each predicate act Plaintiff alleges against Ms. Sinatra depends on the presupposition that Ms. Sinatra knew that certain owners of the Everett Site had criminal pasts or that Mr. Wynn had a pattern of abusive sexual misconduct.  As noted, the FAC does not plead either allegation with particularized factual detail from which this Court could infer Ms. Sinatra knew either of those things.

Finally, in a last-ditch attempt to keep Ms. Sinatra a defendant in this action, Plaintiff argues that she should be held liable by virtue of her role as the "designated contact for the Wynn applicants' license submissions."  Opp'n at 58.  As Ms. Sinatra explained in her opening brief, this argument is unavailing, because Plaintiff cannot merely "plead by position," and the FAC does not allege any specific facts to demonstrate how Ms. Sinatra's role as former General Counsel for Wynn Resorts, Limited gives rise to RICO liability.

### III. CONCLUSION

For the aforementioned reasons, Ms. Sinatra respectfully asks the Court to dismiss the Amended Complaint.

Dated: April 22, 2019

Respectfully submitted,

**KIMMARIE SINATRA**

By her counsel,

/s/ *Douglas H. Meal*
Douglas H. Meal, Bar No. 340971
dmeal@orrick.com

ORRICK, HERRINGTON & SUTCLIFFE LLP
500 Boylston Street, Suite 1850
Boston, MA 02116
Telephone:   +1 617 880 1800
Facsimile:    +1 617 880 1801

James N. Kramer (*pro hac vice*)
jkramer@orrick.com
M. Todd Scott (*pro hac vice*)
tscott@orrick.com

The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:   +1 415 773 5700
Facsimile:    +1 415 773 5759

## CERTIFICATE OF SERVICE

I, Douglas H. Meal, hereby certify that, on April 22, 2019, true and accurate copies of the foregoing were served on counsel for all parties through ECF.

*/s/ Douglas H. Meal*
Douglas H. Meal