**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| STERLING SUFFOLK RACECOURSE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>WYNN RESORTS, LTD; WYNN MA, LLC; STEPHEN WYNN; KIMMARIE SINATRA; MATTHEW MADDOX; PAUL LOHNES; and FBT EVERETT REALTY, LLC;<br><br>Defendants. | CIVIL ACTION<br>Case No. 1:18-cv-11963-PBS<br>(Leave to file granted 4.23.19) |

**MATTHEW MADDOX'S REPLY MEMORANDUM**
**IN SUPPORT OF HIS MOTION TO DISMISS**

Sterling Suffolk Racecourse's ("SSR's") Opposition to Defendants' Motions to Dismiss offers up two arguments, addressed briefly below, in an unsuccessful effort to deflect from its First Amended Complaint's ("FAC's") fatal failure to sufficiently plead facts in support of its sweeping allegation that Matthew Maddox is personally responsible for any acts of racketeering.

First, the Opposition wishfully claims that Mr. Maddox's Motion to Dismiss somehow ignored the allegations that he testified before the MGC that he did not know Lightbody when he allegedly had full knowledge of Lightbody's involvement in FBT.  Doc. 98 at 64.  As made clear at pages 11 and 12 of Mr. Maddox's Memorandum in Support of his Motion to Dismiss, however, Mr. Maddox has fully acknowledged, solely for the purposes of his motion, SSR's (false) accusation that he made misrepresentations about Lightbody in testimony to the MGC. More importantly, he goes on to demonstrate that these alleged misrepresentations could not form the basis for actionable fraud—or any act of racketeering—because, at the time of the alleged misrepresentations, *the MGC already knew of Lightbody's involvement in FBT*.  FAC ¶

1

110 ("[I]n July 2013, the Wynn Defendants were known to the Gaming Commission to have associated with known felons and to have failed to disclose those affiliations."). Further, by the time the MGC would have relied on the alleged misrepresentations to find Wynn MA, LLC ("Wynn MA") and Wynn Resorts, LTD ("Wynn Resorts") "suitable"—in December 2013—the MGC knew that Wynn MA and Wynn Resorts, including Mr. Maddox, had allegedly failed to disclose Lightbody's involvement. FAC ¶ 112 ("on November 21, 2013 . . . the Boston Globe broke the story of Lightbody's previously-concealed interest in the Everett site"). Because RICO requires that the racketeering activity cause the plaintiff's harm, *Hemi Group, LLC v. City of New York*, 559 U.S. 1, 13 (2010), and because the MGC knew of Lightbody's involvement in FBT before finding Wynn MA and Wynn Resorts suitable, Mr. Maddox's alleged misrepresentation could not have possibly caused the MGC to declare that Wynn MA and Wynn Resorts were suitable. Thus, Mr. Maddox's alleged misrepresentation does not give rise to an actionable RICO claim.

Second, the Opposition maintains that Mr. Maddox is responsible for acts attributed to "the Wynn Defendants" because of his senior positions within Wynn MA and Wynn Resorts. Doc. 98 at 66 (mentioning "Maddox's . . . role as a very senior officer (at one point president) of Wynn MA as well as Wynn Resorts"). This argument fails, first, because the FAC alleges that Mr. Wynn, FAC ¶ 19, and Ms. Sinatra, FAC ¶ 21, and not Mr. Maddox, were directing those entities during the events of alleged fraud. Second, SSR affirmatively relies on the 2019 Investigations and Enforcement Bureau (IEB) report (which SSR itself attached to the Opposition, Doc. 98 at 20, n.2); which states, "the individuals identified in this investigation as bearing the most responsibility for the corporate failures have been replaced." Investigative Report Regarding Ongoing Suitability of Wynn MA, LLC, dated March 15, 2019 ("2019

Suitability Report") at 210.[1/]  Setting aside that SSR's amended complaint cannot be salvaged by SSR referring to third-party reports, the IEB confirmed that Mr. Maddox, who *is* still with the company, was *not* one of the individuals "bearing the most responsibility for the corporate failures." *Id.*

But even if the FAC had alleged that Mr. Maddox was running Wynn Resorts or Wynn MA when they made the alleged fraudulent misrepresentations, that allegation—without more—is insufficient to hold Mr. Maddox individually responsible for committing any alleged fraud in his personal capacity.  On well-settled law, *see e.g., Rick v. Profit Mgmt. Assocs.*, 241 F. Supp. 3d 215, 224 (D.Mass. 2017), to satisfy Rule 9(b), the complaint must "delineate the role of each defendant in connection with the fraudulent misrepresentations."  Further, "merely identifying a defendant as an 'officer' does not adequately allege his involvement in the torts of the corporation."  *Rhone v. Energy North, Inc.*, 790 F. Supp. 353, 362 (D.Mass. 1991).  Because the FAC's remaining allegations against Mr. Maddox seek to tie him to the alleged acts only by virtue of his position within the broad corporate hierarchies of Wynn Resorts and Wynn MA, the allegations fail to meet the requirements under Rule 9(b).

---

[1/] This pagination is that used by ECF.  *See* Doc. 98-2.

For these reasons and those set out in his original Memorandum in Support, defendant Matthew Maddox respectfully requests that the Court grant his Motion to Dismiss.

Dated:  April 24, 2019                                     Respectfully Submitted,

                                          MATTHEW MADDOX

                                        By his counsel,

/s/ Peter A. Biagetti
Peter A. Biagetti, BBO # 042310
Samuel M. Starr, BBO #477353
Mintz, Levin, Cohn, Ferris,
     Glovsky & Popeo, P.C.
One Financial Center
Boston, MA 02111
Phone: 617.542.6000
Fax: 617.542.2241
PABiagetti@mintz.com
TStarr@mintz.com

Mark Holscher (*admitted pro hac vice*)
Kirkland & Ellis LLP
333 South Hope Street
Los Angeles, CA 90071
Phone: 213-680-8190
Fax: 213-808-8097
Mark.holscher@kirkland.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants and by mail as identified on the Notice of Electronic Filing on April 24, 2019.

Christine Hanley
Douglas H. Meal
James N. Kramer
Michael Todd Scott
Orrick, Herrington & Sutcliffe LLP
Suite 5600
701 5th Avenue
Seattle, WA 98104
dmeal@orrick.com

Mark Holscher (*admitted pro hac vice*)
Kirkland & Ellis LLP
333 South Hope Street
Los Angeles, CA 90071
Phone: 213-680-8190
Fax: 213-808-8097
Mark.holscher@kirkland.com

                      /s/ Peter A. Biagetti
                      Peter A. Biagetti